**GENERAL MOTORS CORPORATION, Plaintiff,**

v.

**JOHNSON MATTHEY, INC., Johnson Matthey, PLC, Johnson Matthey Limited, Defendants.**

No. 93–C–931.

United States District Court, E.D. Wisconsin.

June 7, 1995.

Kirkland & Ellis by Chaim T. Kiffel, Chicago, IL, Foley & Lardner, Local Counsel by Michael B. Brennan, Milwaukee, WI, for plaintiff.

· Sidley & Austin by Robert D. McLean, Washington, DC, Friebert, Finerty & St. John, Local Counsel by Brian R. Smigelski, Milwaukee, WI, for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

. On August 27, 1993, General Motors ["GM"] filed a seventeen count complaint against the defendants, Johnson Matthey, Inc., Johnson Matthey, PLC and Johnson Matthey Limited, which are in the business of coating ceramic materials with thin layers of precious metals for use in catalytic converters. Johnson Matthey, PLC is the parent corporation of the other two defendants. The magistrate judge collectively referred to the defendants as "JMI," and so will I.

This action arises out of the contractual relationship between the parties pursuant to which JMI was to render auto-catalyst coating services to GM, and GM was to provide JMI with metals for use in the manufacturing process. In its complaint, GM alleges that JMI violated the terms of their contracts, engaged in fraudulent activity and violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d) ["RICO"]. JMI has filed counterclaims alleging antitrust violations, misappropriation of trade secrets, defamation and civil conspiracy.

By order of September 23, 1994, Judge John W. Reynolds, to whom the action originally had been assigned, granted the defendants' motion to compel production of various documents. Subsequently, Magistrate Judge Patricia J. Gorence received this case via random draw (not on consent of the parties) after Judge Reynolds recused himself. On March 22, 1995, Magistrate Judge Gorence issued a recommendation and order in connection with various motions; she recommended that the defendants' motion to dismiss, for default judgment and for sanctions be denied. See 28 U.S.C. § 636(b)(1)(B) and (C) (provides that magistrate judges may conduct evidentiary hearings and issue proposed findings and recommendations in connection with dispositive pretrial matters); Local Rule 13.03.

In addition, Magistrate Judge Gorence ordered that (1) Judge Reynolds' September

23, 1994, order is modified to require the defendants to produce documents for the period commencing after the 1988 contract between the parties; (2) the plaintiff's motion seeking reconsideration of the portion of the September 23, 1994, order which required them to produce the documents relating to their legislative efforts is denied; (3) the aspect of the plaintiff's motion to compel requiring JMI to produce their accounting and financial computer databases containing data regarding the amount of their metal gains is granted, and the remainder of the plaintiff's motion to compel is denied; (4) the plaintiff modify the "Letters of Request for Judicial Assistance" in accordance with the guidelines set forth in the March 22, 1995, recommendation and order and submit them to opposing counsel in an attempt to obtain approval before consideration of any requests to execute the letters; and (5) the plaintiff's motion for modification of the discovery schedule is granted. *See* 28 U.S.C. § 636(b)(1)(A) (provides that magistrate judges may consider and determine any nondispositive pretrial matter); Local Rule 13.02.

Presently before the court are GM's "Objections to the Magistrate's March 22, 1995 Recommendation and Order" which were filed on April 6, 1995, and GM's "Motion to File Reply Brief *Instanter* in Support of Its Objections to the Magistrate's March 22, 1995 Recommendation and Order." A review of the "objections" filed by GM reveals that GM finds fault only with the portion of the magistrate judge's order denying its motion to reconsider that aspect of the September 23, 1994, order requiring production of documents relating to its legislative lobbying efforts.

As a preliminary matter, GM seeks leave of court to file a reply memorandum in support of its objections to the magistrate judge's March 22, 1995, recommendation and order. GM's objection to the magistrate judge's ruling concerns a non-dispositive pretrial matter—GM's application to reconsider a motion to compel—pursuant to 28 U.S.C. § 636(b)(1)(A). Rule 72(a), Federal Rules of Civil Procedure, governs the proceedings conducted by a magistrate judge pursuant to

28 U.S.C. § 636(b)(1)(A) and provides (emphasis added):

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, *a party may serve and file objections to the order;* a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned *shall consider such objections* and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

*See also* Local Rule 13.02. The review process under Rule 72(a), Federal Rules of Civil Procedure, allows only an objecting party to file objections to an order of the magistrate judge. This procedure, unlike that relating to the review of recommendations made with regard to *dispositive* pretrial matters under Rule 72(b), Federal Rules of Civil Procedure, does not contemplate a response to the objections or a reply.

■ The court notes that notwithstanding Rule 72(a), Federal Rules of Civil Procedure, JMI has filed a memorandum in opposition to GM's objections. Even though JMI is not permitted under Rule 72(a), Federal Rules of Civil Procedure, and Local Rule 13.02 to file a memorandum in opposition to GM's objections, I will not strike JMI's submission. GM has not objected to the filing of JMI's memorandum in opposition, and consideration of JMI's brief will assist me in properly assessing the merits of GM's appeal.

■ GM argues that it should be permitted to file a reply memorandum to its objections because the response brief filed by JMI included arguments it could not anticipate in its objection; namely, JMI's assertion that its objections were untimely and JMI's request that sanctions be imposed on GM for filing its objections. I agree. Thus, GM will be permitted to file a reply memorandum.

■ However, a review of GM's reply memorandum which accompanied its motion reveals that four out of its ten pages (pp. 2–6, section "I. GM Lobbying Activities Are Protected By *Noerr–Pennington* And Have No Pertinence To Any Issues In This Case,") are devoted to rehashing the arguments it already advanced in its principal brief. Because these grounds have been thoroughly explored by GM in its principal brief, I will order that section "I." of GM's reply memorandum be stricken.

GM incorrectly refers to Magistrate Judge Gorence's *order* denying its request to reconsider the portion of Judge Reynolds' September 23, 1994, order directing it to produce documents detailing its legislative lobbying efforts as a *recommendation* to this court. The only "recommendation" issued by Magistrate Judge Gorence related to the defendants' motion for dismissal. The remainder of the magistrate judge's mandate was comprised of numerous orders concerning nondispositive pretrial matters. Unlike recommendations relating to dispositive pretrial matters, orders issued via 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Federal Rules of Civil Procedure, are binding on the parties and need only be reviewed by this court if an objection to the order is filed. *See* 72(a), Federal Rules of Civil Procedure; Local Rule 13.02.

## I. ANALYSIS OF GM'S OBJECTIONS

### A. Timeliness of GM's Objections

As previously noted, a party seeking review of a magistrate judge's order relating to a non-dispositive pretrial matter must serve and file objections to the order "[w]ithin 10 days after *being served* with a copy of the magistrate judge's order...." Rule 72(a), Federal Rules of Civil Procedure. (Emphasis added.) JMI argues that GM's objections were filed "out of time" and should not be considered by this court.

According to JMI, GM's objections should have been filed within 10 days after *the issuance* of the magistrate judge's recommendation and order. As support for its proposition, JMI points to Local Rule 13.02, which provides, in part, (emphasis added):

"[a]ny party may appeal from a magistrate judge's determination made under this rule within ten (10) days *after issuance* of the magistrate judge's order unless a different time is prescribed by the magistrate judge or judge."

■ Admittedly, the procedure for computing the time in which a party is to serve and file objections to a magistrate judge's order under Rule 72(a), Federal Rules of Civil Procedure, and Local Rule 13.02 are in conflict. When a local rule comes into conflict with a Federal Rule of Civil Procedure, then the local rule must give way to the federal rule. *See* Rule 83, Federal Rules of Civil Procedure, ("each district court ... may from time to time, ... make and amend rules governing its practice not inconsistent with these rules.").

Thus, GM's objections are timely if they were served and filed within 10 days of GM's receipt, through service, of a copy of Magistrate Judge Gorence's March 22, 1995, recommendation and order. In computing these 10 days, intermediate Saturdays, Sundays and legal holidays are to be excluded, *see* Rule 6(a), Federal Rules of Civil Procedure, and three days shall be added to the prescribed period if service is made by mail, *see* Rule 6(e), Federal Rules of Civil Procedure. Magistrate Judge Gorence served, by mail, a copy of her recommendation and order on Wednesday, March 22, 1995. Excluding the intermediate Saturday and Sunday and adding three days pursuant to the "mailbox rule," I conclude that GM's objections were due Monday, April 10, 1995. Accordingly, the objections filed by GM on Thursday, April 6, 1995, were timely.

### B. Merits of GM's Objections

GM objects to Magistrate Judge Gorence's order denying its request to reconsider the portion of Judge Reynolds' order of September 23, 1994, compelling it to produce documents relating to its lobbying activities concerning environmental legislation on vehicular emissions controls. JMI maintains that such information is relevant to its antitrust and unfair trade practices counterclaims.

In reviewing an order concerning a non-dispositive pretrial matter issued by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), a district court may "reconsider ... [the] matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *See also* Rule 72(a), Federal Rules of Civil Procedure.

In denying GM's request to reconsider Judge Reynolds' order granting JMI's motion to compel discovery of GM's legislative lobbying efforts, Magistrate Judge Gorence explained:

> GM argues that, under the *Noerr–Pennington* doctrine, legislative activities cannot form the basis of an antitrust claim. However, by their counterclaim, the defendants allege that GM engaged in anticompetitive conduct against JMI by various means, including defamation and misappropriation of trade secrets. Documents relating to GM's legislative activities may evince the alleged anticompetitive conduct, and therefore, are discoverable under Fed. R.Civ.P. 26(b)(1).

GM contends that this reasoning is erroneous because it ignores the constitutional protection afforded its efforts to influence legislation or other governmental action identified by the *Noerr–Pennington* doctrine.

Rule 26(b)(1), Federal Rules of Civil Procedure, which specifies the scope and limits of discovery in federal civil matters, provides, in part:

> Parties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action,.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

█ Under the so-called *Noerr–Pennington* doctrine, activities such as legislative lobbying are immune from antitrust liability where the purpose is to influence government action. The United States Supreme Court in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), held that "no violation of the [Sherman] Act can be predicated upon mere attempts to influence the passage or enforcement of laws." *Id.* at 135, 81 S.Ct. at 528. The Supreme Court later clarified that *Noerr* immunity obtains so long as the attempt to influence government is made in good faith. *See United Mine Workers of America v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). However, in *Noerr,* the Supreme Court explicitly excluded from immunity activities which it labeled "mere sham" and defined as nothing more than an "attempt to interfere directly with the business relationship of a competitor." *Id.* at 144, 81 S.Ct. at 533.

█ It is undisputed that evidence of one's lobbying efforts may not form the basis for an antitrust lawsuit under the *Noerr–Pennington* doctrine. Yet, GM argues that the protection offered by the *Noerr–Pennington* doctrine is more expansive. That is, GM asserts that the Supreme Court extended the *Noerr–Pennington* doctrine in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* — U.S. ——, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), to bar the ***discovery*** of information relating to one's lobbying activity in ***all*** antitrust actions absent a preliminary finding that the lobbying activity is "objectively baseless or frivolous." I disagree.

The Supreme Court in *Professional Real Estate Investors* held that a plaintiff attempting to invoke the "sham" exception to *Noerr–Pennington* immunity only is required to establish that the otherwise protected activity is objectively baseless before the court will entertain evidence of the defendant's motivation for engaging in the activity. *Id.* at ——, 113 S.Ct. at 1928. Thus, I find that GM's position is based on a misinterpretation of the holding in *Professional Real Estate Investors.*

GM concedes that none of JMI's counterclaims seeks to impose antitrust liability based on GM's lobbying activities. Further, GM does not allege that JMI's counterclaims attempt to invoke the "sham" exception to *Noerr* immunity. Therefore, the Supreme Court's holding in *Professional Real Estate Investors* is inapplicable to the case at hand.

Moreover, the court of appeals for the seventh circuit explained that "the *Noerr–Pennington* doctrine is concerned solely with the right to attempt to influence government action." *MCI Communications v. American Telephone and Telegraph Co.*, 708 F.2d 1081, 1159 (7th Cir.), *cert. denied*, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983). The court of appeals recognized also that " '[e]vidence of an activity that is protected by the *Noerr* doctrine may be admitted to show the purpose and character of other activities if doing so if not overtly prejudicial.' " *Id.*, at 1160 (quoting *Feminist Women's Health Center v. Mohammad*, 586 F.2d 530, 543 n. 7 (5th Cir.1978), *cert. denied*, 444 U.S. 924, 100 S.Ct. 262, 62 L.Ed.2d 180 (1979)).

■ JMI explains that discovery of information concerning GM's environmental legislative lobbying activities is sought for the limited purpose of establishing GM's motives in engaging in the anticompetitive conduct at issue in this lawsuit; namely, GM's alleged defamation of JMI and misappropriation of its trade secrets. As recognized by the court of appeals, that is a permissible use of such evidence. Moreover, the record is devoid of argument or evidence to suggest that allowing discovery of GM's lobbying activities would be prejudicial.

In view of the above, Magistrate Judge Gorence's order denying GM's motion to reconsider Judge Reynolds' order compelling discovery of GM's environmental legislative lobbying activities was not clearly erroneous or contrary to law. Accordingly, I decline to reconsider Magistrate Judge Gorence's order; GM's objections will be overruled.

## C. Sanctions

JMI asks that sanctions be assessed against GM pursuant to Rules 11 and 37, Federal Rules of Civil Procedure and 28 U.S.C. § 1927. JMI seeks the costs and attorney's fees it incurred in responding to GM's objections.

■ A court may not award sanctions pursuant to Rule 11, Federal Rules of Civil Procedure, in connection with disclosures and discovery requests, responses, objections and motions that are subject to the provisions of Rules 26 through 37. Rule 11(d), Federal Rules of Civil Procedure. Because JMI's request for sanctions stems from its motion to compel which it filed pursuant to Rule 37(a), Federal Rules of Civil Procedure, JMI is not entitled to invoke the provisions of Rule 11 in seeking sanctions against GM.

■ In the alternative, JMI argues that sanctions should be levied against GM under Rule 37, Federal Rules of Civil Procedure. JMI does not specify under which provision of Rule 37 it seeks sanctions. Under Rule 37(a)(4), Federal Rules of Civil Procedure, sanctions may be charged against the losing party in connection with a motion to compel discovery. Sanctions may also be assessed under Rule 37(b)(2), Federal Rules of Civil Procedure, against a party who refuses to obey a court order relating to discovery. Both of these rules arguably provide a basis for JMI's request for sanctions. I will construe JMI's application for sanctions under Rule 37(b)(2) because the arguments advanced by JMI focus more on GM's refusal to comply with Judge Reynolds' discovery order of September 23, 1994, rather than its entitlement to expenses merely because it prevailed on the discovery motion.

■ GM has not complied with Judge Reynolds' order compelling discovery because it insists that the information relating to its environmental legislative lobbying activities is protected from discovery under the *Noerr–Pennington* doctrine. In my opinion, GM's position is not substantially justified. Moreover, GM has not identified any circumstances which make an award of expenses, including attorney's fees, unjust. Accordingly, I will order that GM is responsible to pay the reasonable attorney's fees and costs incurred by JMI in responding to GM's objections to the magistrate judge's recommendation and order of March 22, 1995, pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure.

JMI will be directed to serve and file a statement of just costs and reasonable attorney's fees no later than Friday, June 30, 1995. GM may serve and file its objections, if any, no later than Friday, July 14, 1995.

Because JMI will be awarded its expenses under Rule 37(b)(2), Federal Rules of Civil Procedure, I need not analyze JMI's demand for sanctions under 28 U.S.C. § 1927.

## II. REVIEW OF MAGISTRATE JUDGE GORENCE'S RECOMMENDATION

In addition to ruling on a number of non-dispositive pretrial matters, Magistrate Judge Gorence issued a recommendation to deny, as premature, JMI's "Motion for Dismissal, Default Judgment or Other Sanctions Under Rule 37." A party may file written objections to a magistrate judge's recommendation with regard to a dispositive pretrial matter within 10 days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1)(B) and (C) and Local Rule 13.03. A district court is obligated to undertake a de novo determination only as to those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1).

■■ Here, however, the parties have not objected to the magistrate judge's recommendation. Nevertheless, I am obligated to review the magistrate judge's findings and recommendation and may adopt them if I am satisfied that they are not contrary to law. *See* 28 U.S.C. § 636(b)(1); 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3076.9 (1995).

JMI's motion for dismissal, default judgment or other sanctions was filed pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure. The relevant provisions of Rule 37(b)(2) provide:

> If a party ... fails to obey an order to provide or permit discovery, including an order [compelling discovery] ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> \* \* \* \* \* \*
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party; ...

■■ According to Magistrate Judge Gorence's factual findings, the basis for JMI's motion for dismissal and other sanctions was its belief that GM was refusing to exercise due diligence in complying with a court order requiring the production of certain documents. The magistrate judge also found that the representations of the parties at a January 1995 scheduling conference revealed that "the parties [were] engaged in renewed efforts to cooperate." As a result, Magistrate Judge Gorence denied JMI's application for sanctions "as premature."

The parties do not contest the factual propositions underlying the magistrate judge's recommendation. In view of these uncontested factual findings, a determination that sanctions were no longer appropriate under Rule 37(b)(2), Federal Rules of Civil Procedure was proper. This is so because the parties' agreement that they were engaged in "renewed efforts to cooperate" removed the prerequisite to liability for the imposition of sanctions under Rule 37(b)(2)—GM's alleged failure to obey a court discovery order. I find that Magistrate Judge Gorence's recommendation to deny JMI's motion for sanctions under Rule 37(b)(2), Federal Rules of Civil Procedure, is not contrary to law. Therefore, that recommendation will be adopted by the court.

## III. SCHEDULING MATTERS

The following scheduling order was established by Magistrate Judge Gorence:

a. All fact discovery shall be completed on or before June 30, 1995.

b. The parties shall disclose information concerning their expert witnesses in accordance with Local Rule 7.07(d) (E.D.Wis.) on or before May 30, 1995, or be barred from calling such witnesses as experts at trial.

c. All expert depositions shall be completed by August 31, 1995.

d. All disclosure of rebuttal experts shall be completed on or before September 30, 1995.

e. All depositions of rebuttal experts shall be completed by November 1, 1995.

f. All dispositive pretrial motions shall be filed in accordance with Local Rule 6 (E.D.Wis.) on or before December 1, 1995.

g. The district court judge will schedule final pretrial conference and trial dates, since the parties have not consented to magistrate judge jurisdiction.

While neither party filed an objection to this scheduling order, they did file a "Joint Motion to Modify March 22, 1995 Scheduling Order" on June 2, 1995. In this application, the parties ask the court to modify Judge Gorence's scheduling order by extending the deadlines identified in the order as follows: (1) fact discovery to be completed—August 15, 1995; (2) expert witness disclosure—September 15, 1995; (3) expert depositions to be completed—November 10, 1995; (4) rebuttal expert disclosure—December 15, 1995; (5) rebuttal expert depositions to be completed—January 19, 1996; and (6) filing of dispositive pretrial motions—February 2, 1996. The parties contend that the current scheduling order should be altered because "there is substantial amount of fact discovery that already has been noticed or identified by the parties but that has not yet been completed."

Because cause has been shown by the parties, the joint motion for modification of the March 22, 1995, scheduling order will be granted. *See* Rule 6, Federal Rules of Civil Procedure.

In addition, I will direct counsel for the parties to appear, in person, at a status conference to be held on Monday, July 10, 1995, at 9:00 a.m. The status conference will be held in Courtroom 225, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

### ORDER

Therefore, IT IS ORDERED that GM's "Motion to File Reply Brief *Instanter* in Support of its Objections to the Magistrate's March 22, 1995 Recommendation and Order" be and hereby is granted.

IT IS ALSO ORDERED that section "I." of GM's reply memorandum be and hereby is stricken.

IT IS FURTHER ORDERED that GM's objections to Magistrate Judge Gorence's order denying GM's motion to reconsider Judge Reynolds' September 23, 1994, order compelling discovery of GM's environmental legislative lobbying activities be and hereby are overruled.

IT IS FURTHER ORDERED that GM be and hereby is responsible to pay the reasonable attorney's fees and costs incurred by JMI in responding to GM's objections to the magistrate judge's recommendation and order of March 22, 1995, pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that JMI be and hereby is directed to serve and file a statement of just costs and reasonable attorney's fees no later than Friday, June 30, 1995.

IT IS FURTHER ORDERED that GM be and hereby is directed to serve and file its objections to JMI's statement of costs and attorney's fees, if any, no later than Friday, July 14, 1995.

IT IS FURTHER ORDERED that the magistrate judge's findings and recommendation as to JMI's "Motion for Dismissal, Default Judgment or Other Sanctions Under Rule 37" be and hereby are adopted as the decision and order of this court.

IT IS FURTHER ORDERED that JMI's "Motion for Dismissal, Default Judgment or Other Sanctions Under Rule 37" be and hereby is denied.

IT IS FURTHER ORDERED that Magistrate Judge Gorence's March 22, 1995, scheduling order be and hereby is amended to reflect the following deadlines: (1) fact discovery to be completed—August 15, 1995; (2) expert witness disclosure—September 15, 1995; (3) expert depositions to be completed—November 10, 1995; (4) rebuttal expert disclosure—December 15, 1995; (5) rebuttal expert depositions to be completed—January 19, 1996; and (6) filing of dispositive pretrial motions—February 2, 1996.

IT IS FURTHER ORDERED that counsel for the parties be and hereby are directed to appear, in person, at a status conference to be held on Monday, July 10, 1995, at 9:00

a.m., in Courtroom 225, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.