106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas J. WOLF, Plaintiff-Appellant,
v.
Raphael M. FLISS, his Excellency the Most Reverend, Aloysius
J. Wycislo, his Excellency the Most Reverend and
Rembert Weakland, his Excellency the
Most Reverend, Defendants-Appellees.
 No. 96-2158.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 For the reasons given by the District Court in its Decision and Order dated April 15, 1996, the judgment is AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 2
 Thomas John Wolf, Plaintiff,
 
 
 3
 v.
 
 
 4
 The Roman Catholic Church, His Holiness Pope John Paul II,
 
 
 5
 His Eminence Pio Cardinal Laghi, His Excellency the Most
 
 
 6
 Reverend Raphael M. Fliss, His Excellency the Most Reverend
 
 
 7
 Aloysius J. Wycislo, His Excellency the Most Reverend Robert
 
 
 8
 F. Morneau, His Eminence Adam J. Cardinal Maida, and His
 
 
 9
 Excellency the Most Reverend Rembert G. Weakland, O.S.B., Defendants.
 
 Case No. 95-C-71
 DECISION AND ORDER
 
 10
 MYRON L. GORDON, District Judge.
 
 
 11
 On January 19, 1995, Thomas Wolf, the pro se plaintiff, filed a complaint against the Roman Catholic Church and various individuals associated with the church. The complaint seeks damages of $750,000 from each defendant due to the alleged physical and mental abuse allegedly inflicted upon him by the defendants over a 15 year period. In addition, Mr. Wolf asks that the defendants' "harassment" of him be enjoined.
 
 
 12
 The case was randomly assigned to Magistrate Judge Aaron E. Goodstein who was called upon to address numerous dispositive motions filed by both the plaintiff and all of the individual defendants except the church, Pope John Paul II and Pio Cardinal Laghi who it seems have not been properly served. Specifically, the magistrate judge made recommendations regarding the following motions: (1) motion to dismiss of defendant Reverend Weakland; (2) motion to dismiss of Reverend Wycislo and Reverend Morneau; (3) motion to dismiss of Reverend Fliss and Reverend Maida; (4) plaintiff's motion for default judgment against Reverend Maida; (5) plaintiff's motion for default judgment against Reverend Weakland; and (6) plaintiff's two motions for judgment.
 
 
 13
 Because he determined that all of these motions involved the same issues, Magistrate Judge Goodstein addressed them jointly. By decision of February 29, 1996, the magistrate judge recommended that the defendants' motions to dismiss for lack of subject matter jurisdiction be granted, the defendants' motions to dismiss for failure to state a claim be granted, the request of Reverend Wycislo and Reverend Morneau for attorney's fees and costs be denied, and all of the plaintiff's motions be denied.
 
 
 14
 On March 8, 1996, Mr. Wolf filed an "Objection for [sic] Dismissal of Case." A district court is obligated to undertake a de novo determination only as to those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). The portions of the recommendation to which no objection is made may be adopted if this court is satisfied that they are not contrary to law. See 28 U.S.C. § 636(b)(1); General Motors Corp. v. Johnson Matthey, Inc., 887 F.Supp. 1240, 1247 (E.D.Wis.1995) (Gordon, J.); 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3076.9 (1995).
 
 
 15
 I. MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
 
 
 16
 Mr. Wolf's complaint is comprised of nonsensical "factual" assertions and irrational legal conclusions. His pleading consists generally of the conclusory allegation that his Fourteenth Amendment rights to life, liberty and the pursuit of happiness have been violated by the defendants' actions. For example, he complains of the "unconstitutional practice of sacred scrutiny and the crime of heinous sphacelation." According to the defendants, "sphacelation" is defined by Webster's New Twentieth Century Dictionary, Unabridged (2nd ed. 1953) as "the process of becoming or making gangrenous; mortification."
 
 
 17
 The defendants moved to dismiss the complaint under Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As to the contention that the court lacked subject matter jurisdiction over the claims identified in the complaint, the magistrate judge concluded that diversity jurisdiction under 28 U.S.C. § 1331 did not exist as the plaintiff and defendants Fliss, Wycislo, Morneau and Weakland are all residents of the state of Wisconsin. In addition, the magistrate judge determined that Mr. Wolf's general assertion that his constitutional rights were violated failed to establish the existence of a federal question. Having concluded that neither diversity jurisdiction nor federal question jurisdiction was present, Magistrate Judge Goodstein recommended that the complaint be dismissed for lack of subject matter jurisdiction.
 
 
 18
 Read liberally, Mr. Wolf's "Objection to Dismissal of Case" contains an objection to the magistrate judge's recommendation pertaining to its resolution of the jurisdictional issue warranting de novo review. It is undisputed that Mr. Wolf and defendants Fliss, Wycislo, Morneau and Weakland are all residents of the state of Wisconsin, as is Mr. Wolf. Because it cannot be said that the action is one "between citizens of different States" under 28 U.S.C. § 1332, this court does not have diversity jurisdiction over Mr. Wolf's action.
 
 
 19
 It is clear that Mr. Wolf's suit does not involve a federal question despite its references to the United States Constitution. None of the named defendants are state actors under 42 U.S.C. § 1983. To the extent that his complaint can be viewed as one alleging a conspiracy under 42 U.S.C. § 1985, it is without merit; only one defendant, Pope John Paul II, is actually discussed in the body of the complaint, and there are absolutely no allegations in the complaint of any conspiracy to deprive Mr. Wolf of the equal protection of the law.
 
 
 20
 The magistrate judge's recommendation to grant the defendants' motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, will be adopted by the court.
 
 
 21
 II. MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM
 
 
 22
 Notwithstanding his conclusion that subject matter jurisdiction was lacking over Mr. Wolf's claims, the magistrate judge also addressed the defendants' alternative argument that the complaint should be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Magistrate Judge Goodstein determined that Mr. Wolf had failed to state a claim under 42 U.S.C. §§ 1983 or 1985 for the same reasons noted in connection with his finding that subject matter jurisdiction was not present. In addition, the magistrate judge interpreted Mr. Wolf's references to his disability as a possible claim under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ["ADA"]. This claim too was rendered deficient because the plaintiff had not alleged any of the elements required to state a prima facie case under the ADA.
 
 
 23
 Mr. Wolf has not objected, with any reasonable degree of particularity or cogency to the magistrate judge's recommendation regarding the plaintiff's failure to state a claim. Nevertheless, the magistrate judge's recommendation to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, will be reviewed de novo in light of Mr. Wolf's pro se status.
 
 
 24
 As noted previously, Mr. Wolf's complaint fails to allege that he was deprived of his constitutional rights by a state actor as required to state a claim under 42 U.S.C. § 1983. His pleading also is insufficient to state a claim under 42 U.S.C. § 1985, as stated earlier, because it contains no allegations of a conspiracy between two or more persons to deprive him of the equal protection of the laws.
 
 
 25
 As to a possible ADA claim, his complaint is also wanting. A prima facie case of an ADA violation must include the following allegations: that the plaintiff was employed by the defendants; that the plaintiff meets the definition of disabled under the ADA; that the plaintiff was meeting the employer's legitimate expectations; that the plaintiff was discharged or demoted; and that persons not within the protected class were treated more favorably. DeLuca v. Winer Industries, Inc., 53 F.3d 793, 797 (7th Cir.1995). As correctly recognized by the magistrate judge, the allegations found in Mr. Wolf's complaint do not even come close to stating any, much less all, of the elements needed for an ADA claim.
 
 
 26
 Accordingly, I will adopt the magistrate judge's recommendation to grant the defendants' motions to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim.
 
 
 27
 III. REQUEST OF DEFENDANTS WYCISLO AND MORNEAU FOR
 
 ATTORNEY'S FEES AND COSTS
 
 28
 In their motion to dismiss, defendants Wycislo and Morneau included a request for attorney's fees and costs without pointing to any legal basis for such a request. Without explanation, Magistrate Judge Goodstein recommended that such request be denied. Defendants Wycislo and Morneau have not objected to the magistrate judge's recommendation.
 
 
 29
 Because the defendants have not pointed to any authority for their request for attorney's fees, I will adopt the magistrate judge's recommendation to deny the defendants' request for attorney's fees. However, I believe that defendants Wycislo and Morneau, as well as all of the other defendants, as prevailing parties, are entitled to costs as a matter of course under Rule 54(d)(1), Federal Rules of Civil Procedure. Therefore, I will not adopt the portion of the magistrate judge's recommendation denying the request of defendants Wycislo and Morneau for costs.
 
 
 30
 IV. PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST
 
 DEFENDANTS MAIDA AND WEAKLAND
 
 31
 Magistrate Judge Goodstein also recommended that the plaintiff's motion seeking a default judgment against defendant Maida and his motion for default judgment against defendant Weakland be denied. Nowhere in his decision does the magistrate judge discuss the merits of these motions. The plaintiff has not objected to this portion of the magistrate judge's recommendation.
 
 
 32
 As I noted, the magistrate judge did not discuss the merits of the plaintiff's motions for default judgment but simply denied them after determining that the plaintiff's complaint would be dismissed under Rules 12(b)(1) and (b)(6), Federal Rules of Civil Procedure. It is apparent that the magistrate judge's denial was based on his conclusion that the plaintiff's motions for default judgment were moot in light of his conclusion as to the defendants' motions to dismiss. I concur with this conclusion; however, I believe the better course is to dismiss the plaintiff's motions for default judgment against defendants Weakland and Morneau as moot rather than to deny the motions as recommended by the magistrate judge.
 
 
 33
 Therefore, I will not adopt the magistrate judge's recommendation to deny the plaintiff's motions for default judgment against defendants Weakland and Morneau. Instead, such motions will be dismissed, as moot.
 
 V. MOTIONS FOR JUDGMENT
 
 34
 Mr. Wolf's "motions for judgment" ask the court to enter default judgment against Pope John Paul II and Pio Cardinal Laghi. The magistrate judge determined that his decision to recommend that the court grant the defendants' motions to dismiss obviated the need for him to address the merits of the motions for default judgment and the personal jurisdiction issue each of the motions raised. The magistrate judge's conclusion was entirely proper. Yet, I believe that the better course is to dismiss the motions for judgment as moot rather than to deny them.
 
 
 35
 Mr. Wolf objects to the magistrate judge's denial of his motions for judgment on the ground that defendants Pope John Paul II and Pio Cardinal Laghi were properly served. This objection goes to the merits of the plaintiff's motions for judgment. Because the magistrate judge's recommendation was not based on a determination of the merits of the plaintiff's motions, the plaintiff's objection will be overruled.
 
 ORDER
 
 36
 IT IS ORDERED that Mr. Wolf's objections to Magistrate Judge Goodstein's recommendation of February 19, 1996, be and hereby are overruled.
 
 
 37
 IT IS ALSO ORDERED that the magistrate judge's recommendation to grant the motions to dismiss of defendants Weakland, Wycislo, Morneau, Fliss and Maida be and hereby is adopted as the decision and order of this court.
 
 
 38
 IT IS FURTHER ORDERED that the magistrate judge's recommendation to deny the request of defendants Wycislo and Morneau for attorney's fees be and hereby is adopted as the decision and order of this court.
 
 
 39
 IT IS FURTHER ORDERED that the magistrate judge's recommendation to deny the request of defendants Wycislo and Morneau for costs be and hereby is not adopted as the decision and order of this court.
 
 
 40
 IT IS FURTHER ORDERED that the magistrate judge's recommendations to deny the plaintiff's motions for default judgment against defendant Maida and Weakland and motions for judgment be and hereby are not adopted as the decision and order of this court.
 
 
 41
 IT IS FURTHER ORDERED that the plaintiff's motion for default judgment against defendant Maida be and hereby is dismissed, as moot.
 
 
 42
 IT IS FURTHER ORDERED that the plaintiff's motion for default judgment against defendant Weakland be and hereby is dismissed, as moot.
 
 
 43
 IT IS FURTHER ORDERED that the plaintiff's motions for judgment be and hereby are dismissed, as moot.
 
 
 44
 IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed under Rules 12(b)(1) and (b)(6), Federal Rules of Civil Procedure, without prejudice and with costs.
 
 
 45
 Dated at Milwaukee, Wisconsin, this 15th day of April, 1996.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)