BANTA CORPORATION, a Wisconsin corporation, Plaintiff,

v.

HUNTER PUBLISHING LIMITED PARTNERSHIP, a Delaware limited partnership; I R Publishing Limited Partnership, a Delaware limited partnership; Hunter Publishing Company, Inc., a Delaware corporation; and Adams/Hunter Publishing, Inc., a Delaware corporation, Defendants.

No. 95–C–220.

United States District Court, E.D. Wisconsin.

Dec. 27, 1995.

Foley & Lardner by Michael A. Bowen and Richard Esenberg, Milwaukee, WI, for Plaintiff.

Schopf & Weiss by Arthur J. Howe, Chicago, IL, for Defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

On January 30, 1995, plaintiff Banta Corporation ["Banta"] filed the above entitled action against defendants Hunter Publishing Limited Partnership ["Hunter Ltd."], I R Publishing Limited Partnership ["I R"], and Hunter Publishing Company, Inc. ["Hunter Co."] in the Milwaukee county circuit court.

On February 28, 1995, the defendants removed the action to federal court, and the case was assigned to Magistrate Judge Aaron E. Goodstein. Adams/Hunter Publishing, Inc. ["Adams"] was subsequently added as a defendant when Banta filed an amended complaint on March 22, 1995.

On April 11, 1995, the defendants submitted a motion requesting dismissal of this action for lack of personal jurisdiction or, alternatively, transfer of this action to the United States district court for the northern district of Illinois. The magistrate judge recommended that the defendants' motion be denied. The case was randomly assigned to this court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 13.03(c), a party may file written objections to a magistrate judge's recommendation within ten days after being served with a copy of the recommendation. *De novo* review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made. 28 U.S.C. § 636(b)(1); Local Rule 13.03(c); *United States v. Molinaro,* 683 F.Supp. 205, 211 (E.D.Wis.1988). Where no objection is made, I will adopt the magistrate judge's findings and recommendations if they are not clearly erroneous or contrary to law. *United States v. Dacri,* 827 F.Supp. 550, 551–52 (E.D.Wis.1993).

In the case at bar, defendants I R, Hunter Co., and Adams timely filed objections to the magistrate judge's recommendation. Defendant Hunter Ltd. did not file any objections to the recommendation.

### I. BACKGROUND

Banta is a Wisconsin corporation with its principal place of business in Menasha, Wisconsin. Banta is engaged in the business of printing written and photographed materials through its Hart Press Division ["Hart Press"] in Long Prairie, Minnesota. Hunter Ltd. is a Delaware partnership with its principal place of business in Elk Grove Village, Illinois. I R, a former general partner of Hunter Ltd., is a Delaware partnership with

its principal place of business in New York. Hunter Co. is a Delaware corporation with its principal place of business in Elk Grove Village. Hunter Co. is a former general partner of Hunter Ltd. Adams is a Delaware corporation with its principal place of business in Cathedral City, California.

As of December 1994, Hunter Ltd. published two journals and three magazines. Hunter Ltd. contracted with outside vendors to print, bind and distribute its publications. Approximately 90% of this work was done by Banta's Hart Press division. Banta claims that in December 1994 Hunter Ltd. owed Banta almost $300,000 for printing. During that month, Adams acquired the assets of Hunter Ltd.

In January 1995, Banta started this action in Milwaukee county circuit court. Shortly thereafter, Adams filed an action in the United States district court for the northern district of Illinois seeking damages for Banta's refusal to mail a magazine supplement which had been printed for Adams. As stated above, the Milwaukee county action was removed to federal court. In the case at bar, the defendants filed a motion to dismiss, or, in the alternative, to transfer this action to the northern district of Illinois. Banta filed an identical motion in the northern district of Illinois action. However, the parties have agreed to resolution of the motion by this court. Banta withdrew, without prejudice, its motion to transfer which it had filed in the northern district of Illinois.

## II. ANALYSIS

In their motion, the defendants assert that there is no basis for this court to exercise personal jurisdiction over them. Alternatively, they contend that venue is improper in this district.

### A. PERSONAL JURISDICTION

The magistrate judge determined that "Hunter" has sufficient contacts with Wisconsin for personal jurisdiction. Hence, the magistrate judge recommended that the district court deny the defendants' motion to dismiss.

Defendants I R, Hunter Co., and Adams filed objections to the magistrate judge's recommendation. Each of those defendants contends that they do not have sufficient contacts with Wisconsin to establish personal jurisdiction. They request that their motion to dismiss and transfer be granted. Hunter Ltd. did not submit any objections to the magistrate judge's recommendation. Consequently, the court assumes that Hunter Ltd. concedes that it does have sufficient contacts with the state of Wisconsin to establish personal jurisdiction.

In diversity cases, a federal district court has personal jurisdiction over a party only if a court of the state in which it sits would have such jurisdiction. *Heritage House Restaurants v. Continental Funding*, 906 F.2d 276, 279 (7th Cir.1990). Two questions must be resolved in determining whether a Wisconsin state court would have personal jurisdiction over a defendant. *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir.1990). First, the court must determine whether the defendants would be subject to personal jurisdiction under Wisconsin's long-arm statute. *Id.* If the answer to the first question is yes, the court must determine whether the exercise of personal jurisdiction under Wisconsin's long-arm statute is consistent with the due process requirements of the Fourteenth Amendment. *Id.*

Pursuant to Wis.Stats. § 801.05, a court has personal jurisdiction over an out-of-state defendant if the defendant's contacts with Wisconsin fall into one of the categories listed in that statute. Wisconsin's long arm statute is intended to reach to the fullest extent allowed under the due process clause. *Id.* at 1217; *Stevens v. White Motor Corp.*, 77 Wis.2d 64, 74, 252 N.W.2d 88 (1977). Consequently, the scope of personal jurisdiction under the statute is essentially the same as the scope of jurisdiction under the due process clause.

Banta asserts that this court has personal jurisdiction over the defendants under § 801.05(1)(d). Under that section, a court has personal jurisdiction over a defendant "[i]n any action whether arising within or without this state" where that defendant "[i]s engaged in substantial and not isolated activ-

ities within this state" when the action is commenced.

■ The plaintiff bears the burden of proving the existence of personal jurisdiction. *Lincoln v. Seawright,* 104 Wis.2d 4, 9, 310 N.W.2d 596 (1981). A party meets the burden of proof by making a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute. *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984). The court must resolve all disputes regarding relevant facts in favor of the party asserting jurisdiction. *Id.*

■ The plaintiff asserts that there is jurisdiction over Adams based on (1) Adams' continuation of Hunter Ltd.'s business; and (2) Adams' acquisition of the assets of Hunter Ltd. and Adams' possible successor liability based on that acquisition. The plaintiff has presented no evidence to show that I R and Hunter Co. have personally engaged in any activities within the state of Wisconsin; rather, Banta contends that I R and Hunter Co. are subject to personal jurisdiction in Wisconsin on the basis of their status as general partners of Hunter Ltd.

Banta has presented some evidence to show that Adams has continued Hunter Ltd.'s business subsequent to Adams' acquisition of that entity's assets. James Pierce, Hunter Ltd.'s chief operating officer, testified during a deposition that Adams has continued publication of Hunter Ltd.'s magazines. A number of those publications are distributed to subscribers in Wisconsin. Roger Digregorio, Hunter Ltd.'s (and now Adams') director of circulation, stated that 330,000 were distributed each month, of which 6,600 were distributed in Wisconsin. One of those publications, *National Petroleum News,* has 309 subscribers in Wisconsin which generate almost $20,000 in revenue each year. Mr. Pierce estimated that approximately 2% of Hunter Ltd.'s revenues were derived from Wisconsin.

Assuming that Adams continues to publish and distribute those publications previously produced by Hunter Ltd., I believe that Adams' activities within the state constitute "substantial and not isolated activities" under § 801.05(1)(d). As such, Adams falls within the purview of Wisconsin's long-arm statute.

■ Under the due process clause, a court's assertion of personal jurisdiction over a defendant is proper where the defendant has certain "minimum contacts" with the state such that maintenance of the suit comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The constitutional touchstone is whether the defendant has purposely availed himself of the privilege of conducting activities within the state, thus invoking benefits and protections of the laws of the forum state through his contacts with that state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). In making this determination, the court must consider whether the defendant's connection with the forum state is such that "he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ While Adams does not have a physical presence in the state, it does engage in business in Wisconsin through its distribution of publications to subscribers in the state. In *Keeton v. Hustler Magazine, Inc.,* the United States Supreme Court found that the state of New Hampshire had sufficient contacts to support the exercise of personal jurisdiction by the district court based upon the defendant's distribution of 10,000 to 15,000 magazines in that state. 465 U.S. 770, 773–74, 104 S.Ct. 1473, 1477–78, 79 L.Ed.2d 790 (1984). In so doing, the Court stated that "[s]uch regular monthly sales of magazines cannot by any stretch of the imagination be characterized as random, isolated or fortuitous." *Id.* at 774, 104 S.Ct. at 1478.

Unlike *Keeton,* the plaintiff's claims in the case at bar do not relate to the contents of the distributed publication. However, as discussed above, Adams does derive revenue from the circulation of magazines to subscribers in Wisconsin. I believe that such sales constitute sufficient "minimum con-

tacts" to satisfy the requirements of the due process clause. Furthermore, Adams' level of sales within the state, as well as its asserted knowledge of the dispute between Hunter Ltd. and Banta at the time of its acquisition of Hunter Ltd., should have put it on notice as to the possibility of litigation in Wisconsin.

I find that Adams' contacts with Wisconsin are sufficient to establish personal jurisdiction under traditional notions of fair play and substantial justice. Therefore, this court's exercise of personal jurisdiction is proper under both the due process clause and under the Wisconsin long-arm statute.

■ With respect to I R and Hunter Co., it is undisputed that those entities are not personally engaged in any business within this state aside from their involvement as general partners of Hunter Ltd. The plaintiff asserts that jurisdiction over I R and Hunter Co. is proper based upon their status as general partners.

Personal jurisdiction over a partnership has been found sufficient to establish personal jurisdiction over the general partners by virtue of the general partners' role as agents and principals of the partnership. *Wolfson v. S & S Securities,* 756 F.Supp. 374, 377 (N.D.Ill.1991); *Felicia, Ltd. v. Gulf American Barge, Ltd.,* 555 F.Supp. 801, 806 (N.D.Ill.1983). The defendants admit in their answer to the plaintiff's amended complaint that I R and Hunter Co. were general partners of Hunter Ltd.

Hunter Ltd. did not object to the magistrate judge's recommendation. Moreover, I agree with the magistrate judge that personal jurisdiction over Hunter Ltd. is proper based on Hunter Ltd.'s (1) solicitation of business in Wisconsin; (2) distribution of publications in Wisconsin; (3) obligations to Banta, a Wisconsin corporation; and (4) payments to Banta in Milwaukee. The contacts which form the basis for personal jurisdiction over Hunter Ltd. also support the assertion of jurisdiction over its former general partners, I R and Hunter Co. *See Felicia,* 555 F.Supp. at 806.

## B. VENUE

I R, Hunter Co. and Adams do not specifically object to the magistrate judge's recommendation that their alternative motion for a transfer of venue be denied. Nevertheless, in the interest of completeness, I will address the defendants' alternative motion.

With respect to Adams, the defendants request a transfer of this action to the United States district court for the northern district of Illinois pursuant to 28 U.S.C. § 1406. Under § 1406(a), a district court may transfer to any district or division a case that was wrongly filed in the transferor district.

As discussed above, Adams is subject to personal jurisdiction in this district. Pursuant to 28 U.S.C. § 1391(c), venue is proper in a judicial district in which the defendants are subject to personal jurisdiction. Therefore, venue of Banta's claims against Adams is proper in this district.

■ The defendants contend that the convenience of the parties and the witnesses favor a transfer of this action to the northern district of Illinois. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division in which the action might have been brought "for the convenience of parties and witnesses, in the interest of justice...." The burden is on the moving party to show that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir.1986). There is a presumption in favor of a plaintiff's chosen forum. *Walker v. Carnival Cruise Lines, Inc.,* 681 F.Supp. 470, 477 (N.D.Ill.1987). Whether to transfer an action is a decision within the court's discretion. *Id.*

■ In my opinion, the convenience of the parties does not militate in favor of a transfer of this action to the northern district of Illinois. Banta is a Wisconsin corporation with its principal place of business located in Wisconsin. Only two of the four named defendants have their principal places of business in Illinois. Transfer of this action to the northern district of Illinois would merely shift the inconvenience from the defendants to the plaintiff.

In resolving a motion to transfer, convenience of the witnesses is one of the most important considerations. *Dunn v. Soo Line*

*Railroad Company*, 864 F.Supp. 64, 65 (N.D.Ill.1994). Seven of the twelve witnesses listed in the plaintiff's responses to mandatory interrogatories reside in suburban Chicago. Four of the witnesses reside in Minnesota, and one resides in California.

Venue in this district will have little impact on those witnesses who reside in California or Minnesota. It should be no more difficult for those witnesses to travel to Milwaukee rather than Chicago. Moreover, due to the close proximity of Chicago to Milwaukee, those witnesses who reside in suburban Chicago will suffer minimal inconvenience if this action remains in this district.

Factors considered in an "interest of justice" analysis include consideration of (1) the litigants ability to receive a speedy trial in the proposed transferee district; (2) whether related litigation could be consolidated in the proposed transferee district; and (3) whether the transferee court would be more familiar with the applicable state law. *See Coffey*, 796 F.2d at 221. In the present case, there is little difference between the northern district of Illinois and the eastern district of Wisconsin with respect to the average time from filing of a case to trial.

Neither Banta nor the defendants discuss the applicable state law. Under Wisconsin law, choice of law decisions in contract cases are determined under the "grouping of contacts rule." *Handal v. American Farmers Mut. Cas. Co.*, 79 Wis.2d 67, 73, 255 N.W.2d 903 (1977). It appears unlikely that Wisconsin law would apply because of this state's minimal connection to the contract dispute in this case. Based on the facts presently before the court, it is possible that Minnesota law would apply as that is the state in which the publications subject to dispute in this action were allegedly produced by Banta's Hart Press division. It is also possible that Illinois law could apply. I do not believe that this factor weighs in favor of a transfer in this case.

Upon consideration of all of the relevant factors under § 1404(a), I believe that the defendants have failed to demonstrate that the northern district of Illinois is clearly a more convenient forum; their request for a transfer of venue will be denied.

ORDER

Therefore, IT IS ORDERED that the magistrate judge's recommendation be and hereby is adopted.

IT IS ALSO ORDERED that the defendants' motion to dismiss, and, alternatively, to transfer, be and hereby is denied.