132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry J. WILLIAMS, Plaintiff-Appellant,
v.
MAYNARD STEEL CASTING CO., Defendant-Appellee.
 No. 97-1735.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 24, 1997.*
Decided December 10, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 93-C-0901; Myron L. Gordon, Judge.
 Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges. CI ORDER
 
 
 1
 Pro se litigant Jerry Williams brought this lawsuit against his former employer, Maynard Steel Casting Co. ("Maynard"), alleging race discrimination and retaliatory discharge in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. See 42 U.S.C. §§ 2000e-2(a)(1), 3(a). Williams, an African-American, contends that he was assigned to lower-paying jobs than his Caucasian co-workers; was denied overtime, transfer to higher-paying jobs, and the opportunity to take qualifying tests for promotion to higher wage levels; was excessively monitored; and was finally discharged in retaliation for filing previous EEOC charges. The district court, upon review, adopted the magistrate judge's findings that Williams had failed to make out a prima facie case of discrimination or retaliation, and granted summary judgment for Maynard.
 
 
 2
 On appeal, Williams renews the arguments that he presented before the district court. Despite the liberal construction his pro se filings must be given, see Vance v. Peters, 97 F.3d 987, 993 (7th Cir.1996), a de novo review of the record reveals no basis on which to conclude that the district court erred in its analysis of Williams' claims. We therefore adopt the attached well-reasoned decision and order of the district court, dated February 25, 1997, in which he adopted the magistrate judge's recommendation.
 
 
 3
 AFFIRMED.
 
 DECISION AND ORDER
 
 4
 The plaintiff, proceeding pro se, brought the above-captioned action on August 20, 1993. Mr. Williams, who is black, claims that the defendant, Maynard Steel Casting Company ["Maynard Steel"], with whom the plaintiff had been employed since October 30, 1989, unlawfully discriminated against him because of his race and unlawfully retaliated against him because of his filing of two complaints with the Equal Employment Opportunity Commission ["EEOC"]. Both claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 & 2000e-3. Presently before the court is Magistrate Judge Patricia J. Gorence's recommendation that this court grant the defendant's motion for summary judgment.
 
 
 5
 A party wishing to file an objection to a magistrate judge's recommendation may do so, if the objection is filed within ten days after "service of a copy of the recommended disposition" and if the party serves such written objections "identifying the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objection." 28 U.S.C. § 636(b)(1) and Local Rule 13.03(c). The court to whom the recommendation is made "shall make a de novo determination of those portions of the report to which objection is made." 28 U.S.C. § 636(b)(1).
 
 
 6
 The question in the present case therefore becomes whether Mr. Williams' one-page, handwritten "objection" to Magistrate Judge Gorence's recommendation is to be considered a substantive objection that merits this court's engaging in a de novo resolution of the record. Mr. Williams' entire objection states as follows:
 
 
 7
 I, Jerry Williams, do hereby make a timely objection to Judge Patricia Gorence [sic] recommendation, in its entirety, to retain my right to appeal. Judge Patricia Gorence has assembled a dialogue of sporadic excerpts from all my filings and picked only that which tends to justify her recommendations, overshadowing the fact that genuine issues of material facts exists [sic] that must be answered at trial.
 
 
 8
 I again move the court to preclude summary judgement and let this case proceed to trial.
 
 
 9
 The defendant argues, quite persuasively, that Mr. Williams' objection is not one that should trigger this court's de novo review. As I recently stated in another case, "De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." Banta Corp. v. Hunter Publ'g Ltd. Partnership, 915 F.Supp. 80, 81 (E.D.Wis.1995) (Gordon, J.); see also United States v. Molinaro, 683 F.Supp. 205, 211 (E.D.Wis.1988) (Warren, J.)
 
 
 10
 The court is obligated to give Mr. Williams' pro se allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992), cert. denied, 507 U.S. 928 (1993). This does not mean, though, that the court can construe Mr. Williams' objection to be one that raises substantive legal and factual arguments to Magistrate Judge Gorence's 27-page recommendation. Other than his assertion that Magistrate Judge Gorence relied only on selective pieces of the record, the plaintiff offers no other facts or arguments to support his position that I should reject the recommendation. Because Mr. Williams has not proffered a substantive objection to the recommendation, I am permitted to adopt the recommendation if I am satisfied that it is not contrary to law. 28 U.S.C. § 636(b)(1); General Motors Corp. v. Johnson Matthey, Inc., 887 F.Supp. 1240, 1247 (E.D.Wis.1995); 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3076.9 (1995).
 
 
 11
 In making her findings of fact and conclusions of law, Magistrate Judge Gorence thoroughly examined the record and discussed the relevant issues. In order to prove his prima facie case of Title VII racial discrimination, Mr. Williams had to show (1) that he is a member of a protected class; (2) that he was qualified for the job or employment benefit which he was denied; (3) that adverse employment action was taken against him; and (4) the job or employment benefit was given to individuals not in the protected class. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).
 
 
 12
 The magistrate judge, applying the prima facie test, found that Mr. Williams had proved all but the fourth element. In so doing, she carefully discussed Maynard Steel's alleged disparate treatment between Mr. Williams and its white workers. The magistrate judge found that Mr. Williams had shown no evidence that he was assigned to lower paying jobs than similarly-qualified white workers, that the employer denied him, but not similarly-qualified white workers, the opportunity to take the tests required for promotion, that Maynard Steel favored similarly-qualified white workers in awarding overtime assignments, or that his work production was subject to more excessive monitoring than that of white workers. These conclusions are well-supported by the evidence and are not contrary to law. Magistrate Judge Gorence's alternative finding that even had the plaintiff properly set forth the prima facie case, Maynard Steel had shown that it had a legitimate, nondiscriminatory reason for each of the alleged adverse employment actions, is also not contrary to law.
 
 
 13
 In order to set forth a prima facie case of retaliation under Title VII, Mr. Williams had show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse decision by his employer; and (3) there is a causal link between the protected expression and the adverse action. McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 478 (7th Cir.1996); Roth v. Lutheran Gen. Hosp., 57 F.3d 1446, 1459 (7th Cir.1995). The magistrate judge found that Mr. Williams failed to put forth any evidence whatsoever that shows a causal link between the plaintiff's filing of two complaints with the EEOC (which was determined by the EEOC to not show Title VII violations) and his ultimate termination. Magistrate Judge Gorence's conclusion that the plaintiff could not rely upon the allegations in his pleadings, but must set forth specific facts showing a genuine issue for trial certainly is not contrary to law. See Rule 56(e), Federal Rules of Civil Procedure; Cellotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 14
 Since I find that none of the magistrate judge's conclusions are contrary to law, I will adopt her recommendation as the decision and order of this court.
 
 
 15
 Finally, the plaintiff filed a motion "to reopen Discovery Process" on January 31, 1997, which states that a "primary witness has finally come forward with vital and crucial information regarding my case." Mr. Williams, however, fails to give the court any hint what this "vital and crucial information" is. Furthermore, the discovery period, entered into through an order by the magistrate judge, ended on March 18, 1994, almost three years ago. I see no reason for allowing more discovery in this case and will deny Mr. Williams' motion.
 
 
 16
 Therefore, IT IS ORDERED that Magistrate Judge Gorence's recommendation that summary judgment be granted in favor of the defendant, Maynard Steel, be and hereby is adopted as the decision and order of this court.
 
 
 17
 IT IS ALSO ORDERED that the clerk of court be and hereby is directed to enter summary judgment in favor of the defendant.
 
 
 18
 IT IS ALSO ORDERED that this action be and hereby is dismissed, with prejudice and without costs.
 
 
 19
 IT IS FURTHER ORDERED that the plaintiff's motion to reopen discovery be and hereby is dismissed.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)