The CONTINENTAL INSURANCE COMPANY and National Ben–Franklin Insurance Company of Illinois, Plaintiffs,

v.

Jeffrey H. GARRISON and Christie R. Garrison, Defendants.

No. 98–C–191.

United States District Court, E.D. Wisconsin.

Aug. 17, 1998.

Steven E. Leder, Niles, Barton & Wilmer, Baltimore, MD, Barbara A. O'Brien, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, WI, for Plaintiffs.

Roddy W. Rogahn, Giese & Weden, Milwaukee, WI, for Defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On March 4, 1998, the plaintiffs, The Continental Insurance Company ["Continental"] and National Ben–Franklin Insurance Company of Illinois ["National Ben–Franklin"], started this action seeking a declaration as to their rights under a policy of insurance issued to the defendants to cover their 50' steel hull sailboat. In addition, the plaintiffs seek recission of the insurance contract on the ground that the defendants made material misrepresentations in connection with the renewal of the policy. The original policy was issued by Continental, and it insured the boat from July 1, 1996 to July 1, 1997. At the end of the policy period, the defendants renewed the policy for another year with National Ben–Franklin. The renewal policy was effective from July 1, 1997 to July 1, 1998.

Presently before the court is the defendants' motion which seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), Federal Rules of Civil Procedure, and, in the alternative, for improper venue under Rule 12(b)(3), Federal Rules of Civil Procedure. The motion will be denied.

## I. FACTUAL BACKGROUND

For purposes of analyzing a motion to dismiss, the court accepts as true the well-pleaded factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiffs. *See Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993); *Yeksigian v. Nappi,* 900 F.2d 101, 102 (7th Cir.1990). In addition, the court is permitted to "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact personal jurisdiction exists." *Capitol Leasing Co.,* 999 F.2d at 191, (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979)).

In view of the above, the following facts are taken as true for purposes of this motion. Christie and Jeffrey Garrison, who are husband and wife, purchased a 50″ steel hull sailboat some time prior to July 1996. Continental insured the boat from July 1, 1996 to July 1, 1997. On October 18, 1996, the Garrisons sold their boat under a "Contract for Sale and Purchase" pursuant to which possession of the sailboat was immediately transferred to the buyer but title to the sailboat remained with the Garrisons until the purchase price was paid in full which was to be no later than October 1, 1997. The contract required the buyer to pay the Garrisons for the costs of insurance, and the Garrisons were to remit the payments to their insurer.

At the time the Garrisons entered into the "Contract for Sale and Purchase" they were residents of the state of Florida and were insured under the Continental insurance policy. In January 1997, the Garrisons moved to Sheboygan, Wisconsin.

Because the Continental policy was to expire on July 1, 1997, the Garrisons entered into a renewal contract with National Ben-Franklin, and it was to run from July 1, 1997 through July 1, 1998. The Garrisons resided in Sheboygan when they negotiated and entered into the renewal insurance contract with National Ben-Franklin. The Garrisons paid premiums in connection with the National Ben-Franklin policy while they were residents of Wisconsin. The renewed insurance contract was delivered to the Garrisons in Wisconsin.

The sailboat was involved in an accident on August 16, 1997, when the buyer ran it aground off of Block Island, Rhode Island. The buyer had not yet obtained title to the sailboat. At the time of the boat accident, the Garrisons were residents of Wisconsin.

## II. PERSONAL JURISDICTION

In their motion to dismiss, the defendants argue that this court lacks personal jurisdiction over them because they do not have an appropriate connection with the forum state. In response, the plaintiffs contend that personal jurisdiction exists over the Garrisons because (1) their contacts with the state of Wisconsin subject them to jurisdiction under various provisions of the Wisconsin long-arm statute, and (2) the exercise of jurisdiction comports with the requirements of due process under the Fourteenth Amendment.

In diversity cases, a federal district court has personal jurisdiction over a party if a court of the state in which it sits would have such jurisdiction. *Heritage House Restaurants v. Continental Funding Group, Inc.,* 906 F.2d 276, 279 (7th Cir.1990); *Banta Corp. v. Hunter Pub. Ltd. Partnership,* 915 F.Supp. 80, 82 (E.D.Wis.1995). This analysis involves a two-prong inquiry. First, the court must determine whether the defendants are subject to personal jurisdiction under the Wisconsin long-arm statute. *Daniel J. Hartwig Associates, Inc. v. Kanner,* 913 F.2d 1213, 1216 (7th Cir.1990); *Banta Corp.,* 915 F.Supp. at 82. If the court answers this question in the affirmative, then the court must determine whether the exercise of personal jurisdiction under the Wisconsin long-arm statute comports with the due process requirements of the Fourteenth Amendment. *Id.*

The plaintiff bears the burden of proving the existence of personal jurisdiction. *Id.* at 83 (citing *Lincoln v. Seawright,* 104 Wis.2d 4, 9, 310 N.W.2d 596 (1981)). A plaintiff meets his burden by making a prima facie showing that personal jurisdiction is conferred under the relevant long-arm statute. *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983), *cert. denied sub*

*nom.*, 465 U.S. 1024, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984).

### A. Wisconsin's Long–Arm Statute

■ The plaintiffs assert that the defendants' contacts with the state of Wisconsin subject them to the jurisdiction of this court under §§ 801.05(3), 801.05(5)(a) and 801.05(10)(a) of the Wisconsin long-arm statute. Under § 801.05(3), a Wisconsin court has personal jurisdiction over a party:

> In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

According to the plaintiffs, the Garrisons' failure to inform National Ben–Franklin that they had sold their boat pursuant to the "Contract for Sale and Purchase" when they renewed their insurance policy constituted an act or omission within the state of Wisconsin.

Count two of the two-count complaint alleges that "the Garrisons materially misrepresented their ownership and possession of the boat at the time the renewal policy was issued by ... Ben–Franklin Insurance, and based on this misrepresentation, recission of the contract is warranted." (Complaint at ¶ 21.) For purposes of this motion only, the court is permitted to accept this allegation as true. *See Capitol Leasing Co.*, 999 F.2d at 191; *Schimpf v. Gerald, Inc.*, 2 F.Supp.2d 1150, 1160 (E.D.Wis.1998). Further, it is undisputed that the Garrisons were residents of Wisconsin when they entered into and negotiated the renewal of its insurance policy with National Ben–Franklin.

In my opinion, the fact that for purposes of this motion the Garrisons are deemed to have made material misrepresentations regarding the ownership of the sailboat to National–Ben Franklin from Wisconsin (while they were residents of Wisconsin) constitutes an "act or omission" within the state of Wisconsin under § 801.05(3). The defendants have not even contested this argument in their principal brief or in their reply brief. Thus, I find that the defendants fall within the purview of Wisconsin's long-arm statute.

### 2. Due Process

■ In Wisconsin, compliance with the long-arm statute is presumed to be compliance with the requirements of due process, and the defendants have the burden of overcoming that presumption. *Marsh v. Farm Bureau Mut. Ins. Co.*, 179 Wis.2d 42, 53, 505 N.W.2d 162 (Ct.App.), *rev. denied*, 510 N.W.2d 137 (1993); *Schimpf*, 2 F.Supp.2d at 1160. Pursuant to the due process clause, a court can properly assert personal jurisdiction over a defendant where the defendant has certain "minimum contacts" with the state such that maintenance of the suit comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ The Garrisons argue that subjecting them to personal jurisdiction in Wisconsin would violate due process principles because they are not residents of the state, and they have not consented to the exercise of personal jurisdiction in Wisconsin. While the Garrisons do not currently reside in Wisconsin, it is undisputed that they did reside in the state when they renewed their insurance policy with National Ben–Franklin, when they allegedly made material representations to National Ben–Franklin and when the sailboat accident in question occurred. Moreover, the Garrisons were residents of the state of Wisconsin for a nine-month period.

In view of the above, I find that the Garrisons have not adequately rebutted the presumption that the requirements of due process are satisfied. The Garrisons' conduct and connection with the state were such that they should "reasonably anticipate being haled into court" in Wisconsin. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Indeed, the fact that they resided in the state when most of the events giving rise to this lawsuit occurred supports a finding that they purposely availed themselves of the privilege of conducting activities within the state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

In my opinion, the Garrisons' contacts with Wisconsin are adequate to establish personal

jurisdiction under traditional notions of fair play and substantial justice. Therefore, the portion of the defendants' motion seeking dismissal for lack of personal jurisdiction will be denied.

## III.  VENUE

 The defendants have also moved to dismiss this action for improper venue. The defendants argue that dismissal is warranted under Rule 12(b)(3), Federal Rules of Civil Procedure and 28 U.S.C. § 1391(a) because they are not residents of the state and because none of the relevant or substantial parts of the events giving rise to the claim occurred in Wisconsin. In addition, the defendants complain that this forum is inconvenient to them.

The plaintiffs allege that venue is proper under 28 U.S.C. § 1391(a), which provides, in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, ....

The Garrisons' argument that venue is improper in this district overlooks the fact that the events which give rise to the plaintiffs' claim that the defendants made material misrepresentations all occurred in Sheboygan, Wisconsin which is in the eastern district of Wisconsin. In addition, the court has already concluded that other events which are relevant to the first count of the complaint, such as the renewal of the insurance policy and the Garrisons' payment of premiums on that policy also took place when the Garrisons resided in Sheboygan, Wisconsin. Further, the defendants have not pointed to any evidence to support their assertion of inconvenience.

Based on the record before the court, I find that the plaintiffs have demonstrated that venue is proper in the eastern district of Wisconsin. Accordingly, the portion of the defendants' motion seeking dismissal for improper venue will be denied.

## ORDER

Therefore, IT IS ORDERED that the defendants' motion to dismiss for lack of personal jurisdiction and improper venue be and hereby is *denied, with costs.*